UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KASEY GRUVER

     Plaintiff,

v                                                           Case No.

SELECT PHYSICIANS ALLIANCE P.L.

     Defendant

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Kasey Gruver sues Defendant, Select Physicians Alliance P.L. and states as follows:

1.  Plaintiff worked for Defendant from approximately August 12, 2010 through August 25, 2014 and brings this action for gender discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*. ("Title VII"). Plaintiff seeks damages, including: back pay and benefits; front pay, compensatory damages; pre-judgment and post-judgment interest, attorneys' fees, costs and other litigation expenses; and all other relief this Court deems just and proper.

### Jurisdiction and Venue

2.  This Court has jurisdiction of this action. 42 U.S.C. §2000e-5(f)(3); 28 U.S.C. §§ 1331 and 1343.

3.  Venue is proper in this district because most of the events giving rise to this action occurred in Hillsborough County, Florida.

4.  Plaintiff is a resident of the State of Arizona.

5.  The Defendant is incorporated in Florida and has a place of business and regularly conducts business in Hillsborough County, Florida.

6.  The Defendant employed Plaintiff in Hillsborough County, Florida.

## Administrative Prerequisites

7.  All conditions precedent to bringing this action have occurred or been waived.

8.  Plaintiff timely filed a Charge of Discrimination with the Florida Commission On Human Relations and the Equal Employment Opportunity Commission, charge no. 511-2015-00704 on or about January 9, 2015.

9.  On or about November 29, 2016, the EEOC mailed a "Notice of Suit Rights" letter to Plaintiff and this claim is timely filed within 90 days of that letter's receipt by Plaintiff.

10.  At all relevant times, Defendant had more than 15 employees.

## General Allegations

11.  At all times material Defendant acted with malice and reckless disregard for Plaintiff's rights protected by Title VII.  Defendant engaged in a pattern and practice of discrimination based on Plaintiff's gender (female).

12.  At all times material Plaintiff was qualified to perform her job duties within the legitimate expectations of her employer.

13.  Plaintiff has been required to retain the undersigned counsel to represent her in this action and is obligated to pay him a reasonable fee for his services.

## Facts

14.  In August, 2010 Plaintiff was hired by Tampa Ear Nose & Throat which later merged with Defendant.  Defendant retained Plaintiff who continued to work at Defendant's offices.

15.  Plaintiff worked at the front desk as a patient service coordinator and scheduled appointments and tended to patient's related scheduling needs.  She was paid $14.90 per hour at the time of her termination and worked a 40-hour week, which from time to time included paid overtime.

16.  Prior to July or August 2013, Plaintiff was supervised by either Jackie Weil or Elizabeth Krause.  She was never given a negative evaluation nor was she ever warned about any deficiencies in her performance.

17.  In July or August, 2013, Barbara Pannell became Plaintiff's supervisor.

18.  Pannell almost immediately began to micro-manage Plaintiff's behavior and exhibit an animus towards Plaintiff's appearance.

19.  Pannell made unsolicited comments about Plaintiff's short hair style, the way she dressed, her cell phone usage, her bathroom visits and even her after hours work out attire.  On more than one occasion Pannell sent another employee into the bathroom to spy on Plaintiff to be sure she was using the bathroom out of necessity.  This persistent behavior forced Plaintiff to forego use of the bathroom which resulted in a related illness.

20.  Plaintiff dresses conservatively in Brooks Brothers style shirts, pull over sweaters and slacks.  She does not wear makeup or jewelry.

21.   Pannell did not make unsolicited comments to other female employees about their clothing, hair styles, cell phone usage, bathroom visits or work out attire nor was she critical of any male employees.

22.   On August 19, 2014, Pannell distributed an email to 23 employees of Defendant about Defendant's Time management and cell phone policies.   The email attached a Performance Improvement Plan that identified Plaintiff by name and which called attention to purported criticisms of her Plaintiff performance.   Distribution of this document was a source of personal embarrassment to Plaintiff.   Pannell never circulated any other employee's Performance Improvement Plan nor on information and belief did she ever place any other employee on a Performance Improvement Plan even though some of the items Pannell was critical of such as clocking in and out were committed by other employees and were the subject of the email sent out to 23 other employees.

23.   On the same day Pannell distributed the Plaintiff's Performance Improvement Plan, Plaintiff contacted Cheryl Watts, the Defendant's HR representative to complain about Pannell's campaign of harassment and micro-management, her comments about Plaintiff's appearance and the hurtful dissemination of the email.   Watts promised she would look into the matter when she returned from her vacation.

24. Plaintiff never heard anything further from Watts and a week after she complained she was terminated by Defendant on the pretext of budget cuts.   However, Pannell admitted to Plaintiff that while the work load would initially be burdensome for one of Plaintiff's co-workers it would only be temporary until she could hire someone to take Plaintiff's place.

25. Plaintiff was senior to other employees in the same position and was singled out for termination by Pannell because of Pannell's animus towards Plaintiff's failure to adhere to a female stereotyped appearance.

## Count I

### Gender Stereotype Discrimination

26. Plaintiff incorporates by reference and re-alleges paragraphs 1 through 25.

27. Plaintiff sues Defendant for gender stereotype discrimination and disparate treatment under Title VII.

28. At all relevant times, Plaintiff performed her job duties in a satisfactory manner.

29. Defendant subjected Plaintiff to disparate treatment by terminating her employment because she failed to adhere to Defendant's pre-conceived idea of a female stereotype.

30. Defendant's actions violated Title VII and were done with malice or reckless indifference to Plaintiff's statutorily protected rights under Title VII.

31. Defendant's actions caused Plaintiff to suffer lost wages and benefits, emotional distress, loss of self-esteem and dignity, embarrassment, loss of enjoyment of life, and damaged Plaintiff's professional and personal reputations, which losses and damages are continuing and will continue in the future.

32. Additionally, Plaintiff has incurred and is incurring costs, expenses and reasonable attorneys' fees as a result of Defendant's actions which she is entitled to recover from Defendant if she prevails in this action pursuant to 42 U.S.C. §2000e-5(k).

**WHEREFORE,** Plaintiff requests that this Honorable Court enter judgment in her favor and against Defendant:

A.    Declaring Defendant's actions to be unlawful employment practices in violation of the Title VII;

B.    Awarding Plaintiff  back pay in the amount of pay and benefits she would have received had she not been unlawfully terminated;

C.    Awarding Plaintiff compensatory damages;

D.    Awarding Plaintiff punitive damages;

E.    Awarding pre-judgment and post-judgment interest on all amounts as appropriate;

F.    Awarding Plaintiff, the reasonable attorneys' fees, costs and expenses incurred in this matter pursuant to 42 U.S.C. §2000e-5(k); and

G.    Awarding such other relief as the Court deems just and appropriate including without limitation any actual or nominal damages warranted.

**<u>Demand for Jury Trial</u>**

Gruver demands a trial by jury on all issues so triable.

Dated: February 21, 2017

Respectfully submitted,

Constantine W. Papas, Esq.
Florida Bar No. 0089974
Law Office of Constantine W. Papas, P.A.
1277 N. Semoran Blvd., Ste. 106
Orlando, FL 32807
Tel. No. (407) 347-6502
Fax. No. (407) 206-3655
E-mail: cwp@deanpapaslaw.com
Attorney for Plaintiff